FEDERAL CARTRIDGE CORPORATION, Appellant, v. WESTERN AUTO SPECIALTY COMPANY, Appellee.

No. 42237.

DECEMBER 11, 1934.

Edward J. Dahms, for appellant.

Milo O. Hanzlik, for appellee.

DONEGAN, J.—The Federal Cartridge Corporation had its place of business at Minneapolis, Minnesota, and the Western Auto Specialty Company was a corporation organized under the laws of the state of Iowa, with its principal place of business at Cedar Rapids, Iowa. Some time prior to the 29th day of August, 1928, the Western Auto Specialty Company had become indebted to the Federal Cartridge Corporation in the sum of $1,504.61, and on that date a trade acceptance for that amount, payable November 11, 1928, in favor of the Federal Cartridge Corporation, was accepted by the Western Auto Specialty Company. Such trade acceptance was not paid when due, and about July 17, 1929, at a meeting of the creditors of the Western Auto Specialty Company an arrangement was reached by which the creditors agreed to extend time for the payment of their claims and the Western Auto Specialty Company agreed to pay 10 per cent on the amounts then due its respective creditors on the 1st day of October, 1929, and an additional 10 per cent on November 1, 1929, December 1, 1929, and January 1, 1930. The 10 per cent payment due on October 1st was paid to the Federal Cartridge Corporation some time during the latter half of the month of October, but no further payments were made pursuant to the arrangement made on July 17, 1929. On January 15, 1930, the Western Auto Specialty Company wrote a letter to each of its creditors, the material part of which is as follows:

"On November 26, 1929, I wrote you to the effect that the present management of this Company was making an effort to interest outside capital in this business.

"At this time I am pleased to report that I can sell the assets of this business to another Iowa automotive jobber, which will make it possible to pay off all indebtedness incurred prior to July 17, 1929 at approximately 30¢ on the dollar. All indebtedness incurred since that time will be paid in full. * * *

"Will you please let us hear from you?"

To this letter the Federal Cartridge Corporation answered on January 18, 1930, as follows:

"Answering your favor of January 15th, your proposal of 30¢ on the dollar is agreeable to us. Is this 30¢ on the total amount of indebtedness at time of liquidation or on the present indebtedness? Please advise us on that."

On January 24, 1930, the Western Auto Specialty Company replied:

"In reply to your letter of January 18th relative to the settlement with creditors, I wish to advise that the 30% is based upon the present indebtedness.

"I trust this is the information you desire."

No further correspondence or negotiations occurred between the parties hereto until August 8, 1930, on which date the Western Auto Specialty Company sent to the Federal Cartridge Corporation a written form of agreement of composition of creditors, which is as follows:

"We, the undersigned creditors of the Western Auto Specialty Company of Cedar Rapids, Iowa, on behalf of our various and respective firms, severally agree with the Western Auto Specialty Company, our debtor, that on payment to us of a composition of thirty per cent on the amount of our respective claims against them as stated below, within thirty days from this date, we will respectively accept the same in full satisfaction of our several claims and give them at their expense a release or discharge from our several claims accordingly.

"And the Western Auto Specialty Company hereby agree that they will pay said per cent within the said time.

"Amount of Claim $803.78 ........................................................

"Creditor.

"10% paid 10-17-29".

In response to this the Federal Cartridge Corporation on August 11, 1930, wrote the Western Auto Specialty Company a letter in which it refused to sign the composition agreement and demanded payment of the 10 per cent monthly payments in accordance with the agreement of July 17, 1929. On or about September 8, 1930, the Western Auto Specialty Company tendered to the Federal Cartridge Corporation its check for $160.76 in payment of the balance of the 30 cents on the dollar which it claimed the latter had agreed to accept. This tender was rejected by the Federal Cartridge Corporation, and in February, 1931, it instituted the present action in the district court of Linn county claiming the sum of $840.50, with interest at 6 per cent from the 31st day of December, 1931, being the amount of the unpaid balance and interest then due upon the trade acceptance issued August 29, 1928. To this petition the defendant filed an answer alleging that by its letter of January 15, 1930, it made an offer of compromise of the indebtedness owing to plaintiff, which offer the plaintiff had accepted; that, pursuant to such compromise, the defendant had tendered its check for $160.76, being 30 per cent of the plaintiff's claim. By an amendment to its answer the defendant further pleaded that the plaintiff had accepted the 10 per cent dividend in the sum of $80.38 and that there was then due to the plaintiff the sum of $160.76, being an amount equal to 20 per cent of the balance due on the compromise agreement. Defendant again tendered its check for $160.76 and asked that plaintiff's petition be dismissed. In its reply plaintiff denied all affirmative allegations of the answer and amendment thereto inconsistent with the allegations of the petition, denied that there had ever been a valid composition agreement to which plaintiff was a party, denied that any such composition was ever performed by the defendant, denied that any actual payment or tender had been made or that the tender was kept good or was ever accepted by plaintiff. The reply further stated that the alleged composition was executory and did not contemplate the discharge of the debtor until full performance, and that such alleged composition had been breached by the defendant in not complying with the terms by failing to make the

necessary payment or tender within a reasonable time. Trial was had to a jury, and at the close of all the evidence both plaintiff and defendant made motions for a directed verdict. Plaintiff's motion was overruled, but the defendant's motion was sustained. Under the court's direction the jury returned a verdict for $160.76 in favor of the plaintiff on which the court entered a judgment in favor of plaintiff for that amount, but taxed the costs to plaintiff. A motion for new trial filed by the plaintiff was overruled, and the plaintiff appeals.

The composition upon which the appellee depends is based on its letter of January 15th, containing the proposition, and the acceptance of such proposition contained in appellant's letter of January 18th. As we gather from appellant's argument, it does not deny that there was an agreement of composition, but it denies that such agreement of composition was on a basis of 30 per cent of the appellee's indebtedness to it as of the date July 17, 1929, and contends that such agreement of composition was on a basis of 30 per cent of the indebtedness existing at the time the agreement of composition was made. Appellant bases this contention on the inquiry contained in its letter of January 18th, in which it asked, "Is this 30¢ on the total amount of indebtedness at time of liquidation or on the present indebtedness?"; and on the appellant's reply which stated, "I wish to advise that the 30% is based upon the present indebtedness." Appellee, on the other hand, contends that the offer of compromise contained in the letter of January 15th clearly indicates that the compromise was to be made on the amount of indebtedness as of July 17, 1929, because that letter stated: "At this time I am pleased to report that I can sell the assets of this business to another Iowa automotive jobber, which will make it possible to pay off all indebtedness incurred prior to July 17, 1929 at approximately 30¢ on the dollar." Appellee further contends that in any event, the offer shows that the compromise was to be *approximately* 30 cents on the dollar, and that the statement in appellant's letter of January 18th in which it said, "answering your favor of January 15th, your proposal of 30¢ on the dollar is agreeable to us," was an unconditional acceptance.

The composition contended for by appellee is a contract, and, like any other contract, in order that it may be binding, there must be a meeting of the minds. Notwithstanding this, the appellee was allowed to introduce oral evidence as to various matters out-

side of the writings which went to make up the contract, for the purpose of showing that the written agreement of composition, as contained in the correspondence, referred to the amount owing appellant by appellee on the 17th day of July, 1929; and the court, in directing the verdict in favor of appellee, must have found that the composition was based upon the amount of the indebtedness as of that date. In admitting the oral evidence to vary the terms of the written contract, which to our mind were plain and unambiguous, and in directing the verdict based upon the written contract as thus varied by the oral evidence, we think the trial court was manifestly in error. Appellant's inquiry was as to whether the 30 cents on the dollar referred to the total indebtedness at time of liquidation or to the present indebtedness. It would seem too plain for question that the present indebtedness referred to the indebtedness owing by appellee to appellant at the time the proposition of composition was made on January 15, 1930. The evidence shows that there had been some credits on the trade acceptance prior to July 17, 1929, but there is nothing to show that on January 15, 1930, any agreement had been made by appellant to accept anything less than the full amount of the balance still unpaid on such trade acceptance, with interest thereon from the time the trade acceptance became due. The inquiry as to whether the offer of compromise referred to the total amount of the indebtedness at the time of liquidation would seem to have reference to the amount which would be due on the trade acceptance when settlement was finally made, which would include accrued interest; but, even if it referred to the amount owing by appellee to appellant on July 17, 1929, when the agreement for extension of payments was entered into, this could in no way change the meaning of the term, present indebtedness. The present indebtedness at the time the proposition of composition was made by appellee and accepted by the appellant was the amount of such indebtedness on July 17, 1929, less the payment of the 10 per cent made in October, 1929, and plus any interest that might have accrued on the trade acceptance. The appellee, by its own written statement, made it clear that the proposition of composition referred to the amount of indebtedness still owing by the appellee to the appellant on January 15, 1930. If there was any meeting of the minds, it must have been on this proposition, because that is the meaning which appellee itself gave to the writing.

■ It is further contended by appellant that, in any event, the contract of composition had been breached by the appellee because such contract stated no special time for its performance and the tender of performance made by the appellee was not made within a reasonable time. It will be noted that the offer of composition contained in the letter of January 15th was made in contemplation of a sale of the assets of the business pursuant to negotiations which the appellee was then conducting with some other Iowa automotive jobber. The evidence introduced clearly shows that this sale was not consummated. After appellee found that this sale could not be completed, it began trying to make other arrangements for disposing of the business or raising money. These arrangements were not completed until some time in August, 1930, approximately seven months after the offer of composition had been made, and, of course, could not have been in the contemplation of the parties when making their agreement. The composition pleaded by the appellee was denied by the appellant in its reply to appellee's answer. There is nothing in the evidence to show that the appellant ever intended to accept any offer of composition except that contained in the letter of January 15, 1930, which was based upon a sale in immediate prospect at that time. The wording of the letter was: "I can sell the assets of this business to another Iowa automotive jobber." We do not think the facts shown by the record in this case are sufficient upon which the court could find, as a matter of law, that the acceptance of the proposition of composition would be binding upon the appellant if the sale indicated in the letter of January 15th was not completed and if approximately seven months additional time was taken in trying to find some entirely new method of raising the funds with which to complete the composition.

■ It is true that the person in charge of the appellee's business testified that at the meeting of creditors in July, 1929, the representative of the appellant had authorized him to take whatever action he considered necessary. Appellee's pleadings contained no defense based upon any such claim, but, on the contrary, the defense was based entirely upon the composition agreement as contained in the letter of January 15th, and appellant's answer thereto. All of the evidence offered in regard to such authorization was objected to by the appellant. We think the evidence in regard to such authorization, which appellee claims was given to it by the representative of appellant, was improperly admitted; and we further think that

the facts and circumstances in evidence were such that it could not be said by the court, as a matter of law, that the tender of performance made by the appellee was made within such a reasonable time after the agreement of composition was entered into, that the appellee was not guilty of a breach of such agreement by unreasonable delay. Even if the tender made was in accordance with the terms of the contract as to its amount, we think the record presented a jury question as to the sufficiency of the tender as to the time when it was made.

Other matters have been urged in argument, but, in view of the conclusions reached, it is unnecessary to consider them.

For the reasons stated in the opinion, the judgment of the trial court is hereby reversed.—Reversed.

MITCHELL, C. J., and EVANS, ALBERT, KINDIG, and KINTZINGER, JJ., concur.